## Weber v. Teague, et al.

(Decided October 4, 1912.)

### Appeal from Henderson Circuit Court

Ejectment—Evidence—Verdict.—In an action of ejectment, the only
complaint upon appeal is that the verdict is not sustained by the
evidence. Held, That there was ample testimony to support the
verdict. While there was a conflict in the testimony, it was suffi-
cient to sustain the verdict.

VANCE & HEILBRONNER for appellant.

CLAY & CLAY for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

On July 24, 1889, one Thompson conveyed to Elliott
a tract of land situated on Washington street in Hender-
son, Kentucky. The description of this lot in the deed re-
cites that it is 60 feet in width, and that it adjoined the
lot of the Lambert heirs. The Lambert heirs' lot lay
east of the lot conveyed to Elliott.

On October 30, 1893, the same Thompson conveyed
to the appellant, Nick Weber, a 50 foot lot lying on the
north side of Washington street. The deed contains this
statement: "Said lot also lies in a western direction 60
feet from the Lambert lots, the intervening 60 feet hav-
ing been sold by the parties of the first part to John D.
Elliott."

On the 23rd of August, 1895, the same Thompson
sold to the appellee Teague a 52 foot lot on the north
side of Washington street. The deed recited that this
lot began at Nick Weber's line. Teague subsequently
conveyed his lot to his co-appellees, the Paffs. The El-
liott lot first above named was subsequently conveyed to
the appellant, Weber.

In 1911 Weber was in possession, not only of the 60
foot Ellison lot and his original purchase, the 50 foot lot,

a total of 110 feet, but was in possession of and had under fence 117 feet of land from the Lambert line. At the same time the owners of the Teague lot, the appellees, had in possession, not the 52 feet for which their deed called, but 45 feet only. In other words, Weber had in possession 7 feet more than his deeds called for and the Paffs had in possession 7 feet less than their deeds called for. On August 11, 1911, Teague and the Paffs brought their suit in ejectment against Weber to recover 7 feet of the lot within his enclosure. Against this suit Weber defended that at the time of his purchase from Thompson in 1893, Thompson went with him upon the ground and there pointed out and staked off to him a certain 50 foot lot; that he, Weber, at once entered into possession of this 50 foot lot, built his fence around it, a dwelling and stable upon it; and that (1) he had been in the actual, uninterrupted, open, notorious, peaceable and adverse possession of it claiming it as his own ever since; and that (2) he was in such possession at the time of the conveyance from Thompson to Teague and from Teague to the Paffs, and that those deeds to the extent of the 7 feet were champertous. Issue was joined upon these defenses and the case proceeded to a trial. The jury found in favor of Teague and the Paffs, judgment was entered accordingly, and Weber appeals.

No complaint is made of the instructions or the admission or rejection of evidence. The sole complaint is that the verdict is not sustained by the evidence. In our judgment there was ample testimony to sustain the verdict of the jury. Teague testified that Weber's fence was now some 7 feet further away from his house and over on the Teague lot than it was when Teague purchased the property from Thompson. The jury had the right to accept this statement as true; and if it were true, Weber was not in possession of the 7 feet at the time Teague bought; which fact would result in the destruction of his defenses of adverse possession and of champerty. An additional evidential fact in appellees' favor is to be found in the testimony of a son of the grantor Thompson. This witness said that about 1898 or 1899 Weber came to him asking to buy 3 or 4 feet of ground on the Teague side, saying that he did not have sufficient room between his house and fence on that side—that he only had three or four feet, and that the witness told

him that the ground on that side was owned by a person named Teague. Now appellee Paff had testified that he had measured the distance, at the time of the controversy, between Weber's house and his fence on the Teague side, and that this distance was 13 feet. If in 1898 or 1899 Weber had only 3 or 4 feet on that side of his house, and in 1911 had 13 feet on that side of his house, he could not have been in possession of the 7 feet in controversy for 15 years, nor at the time of the conveyance from Thompson to Teague. The jury had a right to accept this testimony as true. Other witnesses testified that Weber had moved his fence eastward on the Teague line two or three years before the suit was tried. Some of them did not undertake to say how much it had been moved, while others said they thought it had been moved 4 or 5 feet. On the other hand, Weber and members of his family testified that the fence on the Teague side of Weber's lot, at the time of the trial was in precisely the same place it had been from the time when Weber bought and took possession in 1893. Other witnesses in the vicinity testified that they thought that it was in about the same place. It was no more incumbent upon the jury to believe appellant's witnesses than it was to believe the witnesses for the appellees.

The judgment of the trial court is affirmed.